UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY SCOTT CASKEY | : | |
| 689 E. Dominion Blvd. | | |
| Columbus, OH 43214, | : | |
| | | |
| Plaintiff, | : | |
| vs. | | |
| | : | JURY DEMAND ENDORSED |
| NATHAN FENTON | | |
| City of Columbus, Division of Police | : | |
| c/o Westley M. Phillips | | |
| Assistant City Attorney | : | |
| 77 North Front Street | | |
| Columbus, Ohio 43215 | : | |
| | | |
| CHARLES R. HARSHBARGER | : | |
| City of Columbus, Division of Police | | |
| c/o Westley M. Phillips | : | |
| Assistant City Attorney | | |
| 77 North Front Street | : | |
| Columbus, Ohio 43215 | | |
| | : | |
| THE CITY OF COLUMBUS | | |
| c/o Westley M. Phillips | : | |
| Assistant City Attorney | | |
| 77 North Front Street | : | |
| Columbus, Ohio 43215 | | |
| | : | |
| Defendants. | : | |

COMPLAINT

Plaintiff, Terry Scott Caskey alleges as follows:

1.  This is a civil rights action alleging police misconduct. Mr. Caskey alleges that the defendants violated his rights guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983. This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343 and 1367(a).

2. On or about November 11, 2018, defendants Nathan Fenton and Charles R. Harshbarger were, and may still be, employed by defendant City of Columbus, Division of Police, as police officers.

3. At 7:13 p.m. on November 11, 2018, Officers Fenton (badge 2857) and Harshbarger (badge 2803) were traveling southbound on Dana Avenue in Columbus when they observed a blue 2009 Nissan Altima, license plate HDU2365, that had only one working brake light.

4. Sunset on November 11, 2018, was 5:19 p.m.

5. Because the Nissan had only a single brake light, the Officers activated their lights and siren for the purpose of conducting a traffic stop.

6. The Officers reported the following:

> **"On November 11, 2018 around 7:00 pm**, **Officer Fenton #2857 and Officer Harshbarger #2803** were working in Prisoner Transport Vehicle #88 and patrolling the area of Sullivant Ave. and Dana Ave.  Officers were traveling southbound on Dana Ave. approaching Sullivant Ave. **when they saw ahead of them a vehicle was stopping at the intersection of Dana Ave. and Union Ave**. Officers observed the vehicle just sitting at the intersection with no signal to turn either east or west. Officers crossed over Sullivant Ave. and as they did the vehicle, later identified as a 2009 Nissan Altima, blue in color with an Ohio license plate of HDU2365, quickly turned westbound onto Union Ave. from Dana Ave.  **Officers initiated their lights and audible siren at Brehl Ave. and Union Ave. in order to conduct a traffic stop** for the traffic violations of C.C.C. 2131.14 Failing to Signal and C.C.C. 2137.24 Motor Vehicle Lights **as he only had one working brake light** and not two as required.
>
> **"Officers were about 10 feet behind the Nissan** as it was slowing down at the intersection of Union Ave and Central Ave. with one other vehicle in front of it. **Officers observed the other vehicle begin to make a northbound turn onto S. Central** Ave. and as it did officers watched as the Nissan began to turn north onto S. Central Ave. even though the vehicle in front of him had still not fully completed his turn onto S. Central Ave.
>
> "S. Central Ave. is a one lane road when vehicles are traveling north on it.  Officers are aware **the intersection of Sullivant Ave. and S. Central Ave. is a heavy flowing**

2

**traffic area** with vehicles traveling north, south, east and west as they have worked in the area for years and Union Ave is the first street just south of Sullivant Ave.

**"Officers observed the Nissan turning northbound onto S. Central Ave. and then quickly accelerate into the furthest left hand lane of vehicles traveling southbound on S. Central Ave. in order to flee from the officers**. The driver of the Nissan caused a substantial risk of physical harm to anyone traveling southbound on S. Central Ave. and to property in the furthest left hand lane as the views of the drivers traveling southbound on S. Central Ave. would have been obstructed by the vehicle in front of the Nissan that was still in the process of completing its northbound turn onto S. Central Ave.

**"Officers were able to observe the driver as he was in the process of turning into the southbound lanes of travel and saw the driver was an older male, white, short hair and medium build**.

**"Officers turned north onto S. Central Ave. and aired (sic) the Nissan was taking off and that they were not pursuing it.** Officers turned off their lights. Officers watched as the Nissan drove northbound in the southbound lane of travel until it reached the intersection of Sullivant Ave and S. Central Ave. were that lane he was in became a left turn only lane for those traveling northbound on S. Central Ave. Officers saw the intersection of Sullivant Ave. and S. Central Ave. traffic signals were green for the north and southbound lanes of travel to proceed. Officers observed a vehicle traveling southbound, turn westbound onto Sullivant Ave. and then after almost completing its turn, had to slam on its brakes as the Nissan, still eluding the Officers even though their lights and sirens were off, quickly turned westbound and almost caused an accident with that other vehicle.

"Officers turned west onto Sullivant Ave. an (sic) as they turned they watched as the Nissan was turning southbound onto the on ramp of 70 E. Officers turned southbound onto the 70 E. on ramp and when they reached the freeway the vehicle was already in the furthest left hand lane of travel and almost at the 71 S. exit area. Officers estimated that the speed the Nissan was traveling was around 90 in a 55 mph zone on the freeway during which the freeway had a heavy flow of traffic on it.

"Officers saw the registered owner of the vehicle was a Terry Caskey with an Ohio address of 449 Chase Rd, Columbus, Oh 43214. **Officers looked up Mr. Caskey on OHLEG and the registered owner of the vehicle was the same older male, white, short hair and medium build they witnessed driving**." (emphasis added.)

7. The Officers requested that Mr. Caskey be indicted for a violation of R.C. 2921.331 (F3), failure to comply with a police signal or order.

8. On or about November 21, 2018, Mr. Caskey was indicted, and a criminal case in the Franklin County Court of Common Pleas (case no 18CR5743) was initiated against him for violation of R.C. 2921.331 (F3).

9. On Thanksgiving Day, November 22, 2018, Mr. Caskey was arrested at his home by two police officers.

10. On information and belief, the arresting officers were Officers Fenton and Harshbarger.

11. Mr. Caskey was incarcerated for five days before he was released on bail on November 27, 2018.

12. The actual driver of the Nissan on the night in question was Robert Taliaferro, who later admitted to driving the Nissan that night. Taliaferro's admission was captured on video by Mr. Caskey after he was released on bail. The video was then given to the prosecuting attorney's office.

13. The case against Mr. Caskey was dismissed on April 30, 2019, for "insufficient evidence to prove identification."

FIRST CAUSE OF ACTION
(Seizure Without Probable Cause—Violation of 42 U.S.C. §1983)

14. Mr. Caskey incorporates by reference the preceding allegations.

15. All actions taken by Officers Fenton and Harshbarger described in this complaint were taken under color of state law.

16. The indictment was based on statements from Officers Fenton and HarshbargerTerry that were either reckless or knowingly false.

17. The first reckless or knowingly false statement is, "Officers were able to observe the driver as he was in the process of turning into the southbound lanes of travel and saw the driver was an older male, white, short hair and medium build."

18. The second reckless or knowingly false statement is, "Officers saw the registered owner of the vehicle was a Terry Caskey ***. Officers looked up Mr. Caskey on OHLEG and the registered owner of the vehicle was the same older male, white, short hair and medium build they witnessed driving."

19. These statements were reckless or knowingly false because:

    a. When Officers Fenton and Harshbarger first observed the Nissan, it was nearly two hours past sunset.

    b. The closest the Officers' vehicle ever got to the Nissan was "about 10 feet behind" it.

    c. The Officers' vehicle was always behind the Nissan.

    d. The Nissan has a headrest on the driver's side, which precludes anyone behind the Nissan from seeing the driver's head.

    e. From the time the Officers first observed the Nissan until they decided to stop pursuing it, the Officers never got out of their vehicle, and Mr. Taliaferro never got out of the Nissan.

    f. Mr. Caskey is five feet, eight inches tall, weighs 189 pounds, has blonde hair and blue eyes, and his date of birth is July 15, 1963.

    g. Mr. Taliaffero, the actual driver of the Nissan, is six feet, three inches tall, weighs 180 pounds, has brown hair and hazel eyes, and his date of birth is August 17, 1991.

20. Under these circumstances, it was impossible for the Officers on the night of November 11, 2018, to identify the driver as Mr. Caskey.

21. The Arrest Information and the reckless and/or knowingly false statements made by the Officers were material to the issuance of an indictment and prosecution of a criminal action against Mr. Caskey.

22. In reality, there was no probable cause to justify the arrest and incarceration of Mr. Caskey.

23. Because there was no probable cause for Mr. Caskey's arrest, the warrant for his arrest should be deemed to have been voided.

24. The Officers violated Mr. Caskey's rights under 42 U.S.C. §1983 by making reckless or knowingly false statements that led to him being wrongfully apprehended and incarcerated. Because of the Officers' conduct, which was done under color of law, Mr. Caskey was wrongfully incarcerated and deprived of his right to liberty under the Fourth Amendment of the U.S. Constitution.

25. As a further consequence of being wrongfully incarcerated, Mr. Caskey incurred approximately $7,000 in attorney fees and court costs, lost vacation time from his employment, worth $1145, and suffered from bed bugs and severe emotional distress.

26. Because Mr. Caskey was deprived of his rights under the U.S. Constitution, he is entitled, under 42 U.S.C. §1983 and 42 U.S.C. §1988(b) and §1988(c), to damages in excess of $25,000 and the recovery of his attorney fees and expert witness fees.

27. The Officers' conduct was malicious, in that they acted with a complete disregard for the rights of Mr. Caskey. For this reason, he is also entitled to an award of punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(<u>Malicious Prosecution—Violation of 42 U.S.C. §1983</u>)

28. The preceding allegations are incorporated by this reference.

29. By making reckless or knowingly false statements, Officers Fenton and Harshbarger acted maliciously.

30. The Officers' conduct led to a criminal prosecution against Mr. Caskey for which there was no probable cause and, because there was insufficient evidence to prove identification, the criminal case against him was dismissed.

31. Because Mr. Caskey was deprived of his rights under the U.S. Constitution, he is entitled, under 42 U.S.C. §1983 and 42 U.S.C. §1988(b) and §1988(c), to damages in excess of $25,000 and the recovery of his attorney fees and expert witness fees.

32. Mr. Caskey is also entitled to an award of punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
(<u>Malicious Prosecution—Violation of State Law</u>)

33. The preceding allegations are incorporated by this reference.

34. The actions of Officers Fenton and Harshbarger resulted in a violation of Ohio law that prohibits malicious prosecution.

35. As the employer of the Officers, the City of Columbus is liable for the damages suffered by Mr. Caskey as a result of this malicious prosecution.

36. Because of the Officers' malicious prosecution of Mr. Caskey, he has suffered damages in excess of $25,000 and is entitled to an award of punitive in an amount to be proven at trial.

WHEREFORE, Mr. Caskey prays for judgment as follows:

A. Judgment in his favor and damages for both his economic loss and emotional distress in an amount to be proven at trial, in excess of $25,000;

B. Punitive damages in an amount to be proven at trial;

C. Recovery of reasonable attorney fees, expert witness fees and court costs;

D. For such other and further relief as the court deems just and proper.

/s/ Jack D'Aurora
Jack D'Aurora (0056020)
THE BEHAL LAW GROUP LLC
501 S. High Street, Suite 200
Columbus, OH 43215
Ph: 614/643-2109
jdaurora@behallaw.com
Attorneys for plaintiff Terry Scott Caskey

### Jury Demand

Mr. Caskey requests a trial by jury.

/s/ Jack D'Aurora
Jack D'Aurora (0056020)