UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRY SCOTT CASKEY,**

        **Plaintiff,**                         Case No. 2:20-CV-01549
        **v.**                                       **CHIEF JUDGE MARBLEY**
                                                Magistrate Judge Jolson

**NATHAN FENTON, et al.;**

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Produce an Expert Report. (Doc. 14).  The Motion is **GRANTED**.  In addition, deadlines in this matter are **STAYED** so that the parties may focus on the mediation scheduled for December 15, 2020, and a status conference is scheduled for December 18, 2020 at 10:00 a.m.

**I.    Background**

This is a civil rights actions under 42 U.S.C. §1983, alleging wrongful arrest and detainment without probable cause. (Doc. 12).  In brief, Plaintiff claims Officers Nathan Fenton and Charles R. Harshbarger ("the Officers"), who are Defendants in this matter, falsely identified Plaintiff as a driver of a car who allegedly failed to comply with their directive to pull over.  Based upon the identification, Plaintiff was arrested and detained.  Plaintiff claims that it was impossible for law enforcement to identify the driver under the circumstances of the stop.  Consequently, says Plaintiff, his arrest was without probable cause and violated his constitutional rights.  (*See generally* Doc. 12).

On June 3, 2020, the Undersigned entered a scheduling order, based upon the parties' suggested deadlines.  Most relevant here, August 28, 2020 was set as the deadline to produce expert reports. (Doc. 10).  And discovery was set to close on November 20, 2020, with dispositive

motions deadlines due February 21, 2020.  (*Id.*).  Discovery proceeded, and a video of the traffic stop was produced to Plaintiff on June 26, 2020.  Counsel communicated about the video, and ultimately the law enforcement officers were deposed on September 30, 2020.

Plaintiff's counsel concedes that he initially believed this to be a no-expert case.  (Doc. 14, Ex. 3 at ¶¶2–3).  But upon review of the video and the Officers' testimony, he began to think otherwise, especially when he conducted driving simulations.  (*Id.* at ¶¶4–12).  And Plaintiff's counsel realized he needed an expert to explain why it would have been impossible for the Officers to have identified the driver.

So, on October 12, 2020, Plaintiff's counsel sought consent to extend the expert disclosure deadline.  Although Defendants' counsel refused (Doc. 14, Ex. 3 at ¶15), Plaintiff proceeded and identified an expert, Joseph Sobek, and met with him on October 19, 2020.  (*Id.*)  Plaintiff then filed the instant motion, seeking to extend the expert witness deadline and produce Mr. Sobek's report.  (Docs. 14, 21).  Defendants continue to oppose Plaintiff's request.  (Doc. 20).

**II.     Standard**

Plaintiff must satisfy Rule 16 of the Federal Rules of Civil Procedure in order to amend the case schedule.  That standard is "good cause," and the touchstone of the inquiry is the moving party's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).  In addition, the Court must consider prejudice to the non-moving party. *Id.*

**III.    Discussion**

Considering the timeline above, the Court cannot conclude that Plaintiff was not diligent here.  Initially, Plaintiff's counsel believed an expert would not be necessary in this case.  But through discovery, that opinion changed.  Importantly, it was only three days after the Officers'

depositions that Plaintiff's counsel visited the intersection to determine how the video and testimony aligned. And only nine days after that, Plaintiff's counsel informed defense counsel that an expert might be needed. Then, by the next week, Plaintiff's counsel met with his potential expert. Plaintiff has been diligent enough to satisfy the good cause standard.

Further, any prejudice to Defendants will be slight. This case is not even a year old, and the dispositive motion deadline is not until February 21, 2021. Further, no trial date has been set. Importantly, the Undersigned will continue the deadlines in this matter to alleviate any prejudice to Defendants. To that end, the deadlines in this case are **STAYED** to allow for the parties to focus on the mediation scheduled for December 15, 2020. If the parties are unable to resolve the matter extrajudicially, the Undersigned will hold a status conference on December 18, 2020, at 10:00 a.m. to discuss an amended case management schedule.

IT IS SO ORDERED.

Date: November 25, 2020              /s/Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE