**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TERRY SCOTT CASKEY,**

    **Plaintiff,**

  v.                                                 **Civil Action 2:20-cv-1549
Chief Judge Algenon L. Marbley
Magistrate Judge Jolson**

**NATHAN FENTON, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on two discovery disputes: (1) Plaintiff's request for Defendants Nathan Fenton's and Charles Harshbarger's optical records; and (2) Plaintiff's request for documents from every case in which Defendants' expert witness, David Cornute, has served as an expert. For the reasons that follow, Plaintiff's request for Defendants' optical records is **GRANTED**. Within twenty-one (21) days of the date of this Opinion and Order, Defendants Fenton and Harshbarger are **ORDERED** to produce all records from their two eye examinations that most closely precede November 11, 2018.

Plaintiff's request for expert records, however, is **DENIED without prejudice**. Plaintiff may serve a more narrowly tailored request within fourteen (14) days of the date of this Opinion and Order, and the Court expects the parties to work together to reach an agreeable resolution.

Finally, given these findings, the Court will consider a brief extension of the case schedule. The parties are **DIRECTED** to meet and confer and file a proposed revised case schedule within twenty-one (21) days of the date of this Order.

I.   BACKGROUND

This is a civil rights action for alleged wrongful arrest and detainment without probable cause. (*See generally* Doc. 12). In the evening of November 11, 2018, City of Columbus Police Officers, Defendants Nathan Fenton and Charles R. Harshbarger (the "Officers"), observed a Nissan Altima with only one working brake light. (*Id*., ¶ 3). According to their report, the Officers turned on their siren lights to pursue the driver; but the driver fled, nearly causing an accident with another vehicle. (*Id*., ¶ 6). The Officers reportedly identified Plaintiff as the driver, so he was arrested on November 22, 2018, for failing to comply with the Officers' directives. (*Id*., ¶¶ 7–9). Five days later, he was released on bail. (*Id*., ¶ 10).

Plaintiff alleges that the Officers falsely identified him as the driver of the Nissan. More than that, Plaintiff alleges that it would have been impossible, given the time of night and the positioning of the Nissan and the Officers' van, for the Officers to have properly identified him as the driver. (*See generally id*., ¶¶ 16–25). His roommate later admitted he was the driver, and Plaintiff's case was dismissed for "insufficient evidence to prove identification." (*Id*., ¶¶ 11–12). Plaintiff seeks damages from the Officers and the City of Columbus ("Columbus") for seizure without probable cause and malicious prosecution. (*Id*., ¶¶ 26–31).

The parties are currently engaging in discovery, which ends in less than a month. (*See* Doc. 28). In October 2020, Plaintiff requested the Officers' optical records that most closely precede the date they identified him as the driver. (Doc. 30 at 2). The Officers objected, citing privacy concerns. (*Id*.). Additionally, in late December 2020, Plaintiff requested numerous documents concerning Defendants' expert witness, Columbus Police Officer David Cornute. Specifically, Plaintiff asked for a list of all cases in which Mr. Cornute served as an expert, transcripts of all his expert testimony, and all of Mr. Cornute's expert reports. (*Id*. at 3). As for

that request, Defendants say it is unduly burdensome. The parties submitted letter briefs, and their disputes are ripe for resolution.

## II. DISCUSSION

The Court first addresses Plaintiff's request for the Officers' optical records before turning to his request for documents from Defendants' expert.

### A. Optical Examination Records

Defendants first contend that Ohio's physician-patient privilege shields their medical records from disclosure. Not so. This case presents federal questions under 42 U.S.C. § 1983, along with a pendant state law claim for malicious prosecution. (*See generally* Doc. 12). So federal common law of privilege applies. *Griffin v. Sanders*, 914 F. Supp. 2d 864, 869 (E.D. Mich. 2012) (citing *Hancock v. Dodson*, 958 F.2d 1367, 1372–73 (6th Cir. 1992)) ("The Sixth Circuit decided that in civil actions with federal questions and pendant state claims, the federal common law of privilege applies to all the claims."). And there is no physician-patient privilege under federal common law. *Griffin*, 914 F. Supp. 2d at 869 (citing *Gen. Motors Corp. v. Dir. of Nat. Inst. for Occupational Safety & Health, Dep't of Health, Ed. & Welfare*, 636 F.2d 163, 164 (6th Cir. 1980)). Thus, Defendants may not rely on that privilege.

Defendants also make mention of the federal Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). Yet they acknowledge that HIPPA permits disclosure of medical records for judicial proceedings. Their cursory citations to inapplicable provisions governing, for example, subpoenas served upon covered entities, do not help them.

So Defendants must produce the requested eye exams as long as they are relevant and proportional to the needs of this case. *Kubik v. Cent. Mich. Univ. Bd. of Trustees*, No. 15-CV-12055, 2016 WL 4425174, at *2 (E.D. Mich. Aug. 22, 2016) (ordering production of medical

3

records and noting that "[t]here is no physician-patient privilege under federal law"). Significantly, Defendants do not contend that records pertaining to their vision are irrelevant. And given that Plaintiff alleges Defendants falsely identified him at night, the Court finds that Plaintiff is entitled to explore the quality of the Officers' eyesight. Nor would producing records from two eye examinations be overly burdensome. Finally, the Court is mindful of the Officers' right to privacy, but an agreed protective order will address these concerns.

Accordingly, Plaintiff's request for the Officers' optical records is **GRANTED**. The parties shall confer and submit, within fourteen (14) days of the date of this Opinion and Order, a proposed protective order for the Court's review. The Officers are **ORDERED** to produce, within twenty-one (21) days of the date of this Order, records from their two eye examinations most closely preceding November 22, 2018.

### B. Expert Witness Records

Rule 26(a)(2)(B)(v) of the Federal Rules of Civil Procedure controls Plaintiff's next request. It requires a party to provide "a list of all other cases in which, during the previous 4 years, the [expert] witness has testified as an expert at trial or by deposition." Plaintiff seeks much more. As noted, Defendants retained Officer David Cornute as an expert witness in this case. Officer Cornute has been a Columbus Police officer for roughly twenty-five years, and Plaintiff seeks a list of every case in which Officer Cornute has served as an expert, transcripts from his expert testimony, and all of his expert reports.

"The plain language of [Rule 26(a)(2)(B)(v)] requires only that the parties provide a list of cases, not the expert reports produced in those cases." *Sherrod v. Williams*, No. 3:14-CV-454, 2018 WL 8805194, at *1 (S.D. Ohio July 6, 2018) (emphases omitted). That rule, however, provides only the floor—not the ceiling—of what is required. *See* Fed. R. Civ. P. 26(a) advisory

committee's note to 1993 amendment (noting that Rule 26(a)'s "enumeration . . . of items to be disclosed does not prevent a court from requiring . . . that the parties disclose additional information" and that parties may also "us[e] traditional discovery methods to obtain further information . . ., for example . . . about [expert] testimony given in other litigation beyond the four-year period specified"); *see also Sherrod*, 2018 WL 8805194, at *1 (ordering disclosures beyond Rule 26(a)'s baseline requirements).

But to access additional documents, a movant must first show that the documents' relevance "outweighs the burden placed upon" the non-movant. *Id*. To make that showing, the movant may make a narrow request—for example, "only previous reports in cases that involve similar factual circumstances." *Id*. at *2 (citing *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 594 (E.D. Tex. 2003)).

For instance, in a case where the plaintiff homeowners alleged that a plumbing leak damaged their home's foundation, but the insurance company's expert concluded otherwise, the plaintiffs requested "engineering reports prepared by State Farm for the past five years on residential foundation claims where damage was alleged to be caused by a plumbing leak." *Hussey*, 216 F.R.D. at 593. Defendant objected, claiming that the request was unduly burdensome. *Id*. But "[w]hether State Farm knowingly hired a biased engineering firm to investigate the claim to render an opinion [it] could use as a pretext to deny the claim and theoretically avoid a charge of bad faith" outweighed Defendant's claim of undue burden. *Id*. at 593–94.

Here, Plaintiff contends that the documents requested will shed light on important questions, including for example, how often Officer Cornute testified in support of other police officers and under what circumstances. The Court agrees such inquiries are relevant. But Plaintiff's request is not so narrow. To the contrary, he requests everything from every case in

5

which Officer Cornute testified as an expert. Yet he has not shown that all of these documents are relevant, let alone that their relevance "outweighs the burden placed upon" Defendants. *Sherrod*, 2018 WL 8805194, at *1; *cf. id.* at *2 ("Like the narrow scope of the request made in *Hussey*, Plaintiffs' counsel in this case has requested only previous reports in cases that involve similar factual circumstances."). Plaintiff's request is **DENIED** as a result.

Plaintiff, however, is entitled to probe Officer Cornute's potential bias with a more targeted approach. Within fourteen (14) days of the date of this Opinion and Order, Plaintiff may serve a more narrowly tailored request regarding Officer Cornute's expert reports or testimony. For example, Plaintiff may request a list of cases in which Officer Cornute testified or provided an expert opinion as to an officer's identification. He may also request Officer Cornute's expert reports from similarly relevant cases. While Defendants represent that Officer Cornute's files are archived and that it would be unduly burdensome to review every case on which he worked, the Court notes that Plaintiff may request documents only from cases in which Officer Cornute served as an expert witness. Should Plaintiff serve a more narrowly tailored request, the Court expects the parties to work together to reach an agreeable resolution.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's request for the Officers' optical examinations is **GRANTED**. Within twenty-one (21) days of the date of this Opinion and Order, Defendants Fenton and Harshbarger are **ORDERED** to produce all records from the two eye examinations most closely preceding November 11, 2018.

Plaintiff's request for expert records, however, is **DENIED without prejudice**. Plaintiff may serve a more narrowly tailored request within fourteen (14) days of the date of this Opinion and Order, and the Court expects the parties to work together to reach an agreeable resolution.

Finally, given these findings, the Court will consider a brief extension of the case schedule. The parties are **DIRECTED** to meet and confer and file a proposed revised case schedule within twenty-one (21) days of the date of this Order.

IT IS SO ORDERED.


Date:   January 26, 2021                                /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE